```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

DEMETRICE L. WILLIAMS,            :

    Plaintiff,                    :

vs.                               :
                                        CIVIL ACTION 05-0025-P-M
JO ANNE B. BARNHART,              :
Acting Commissioner of
Social Security,                  :

    Defendant.                    :

<u>REPORT AND RECOMMENDATION</u>

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (Doc. 1). Defendant has filed a Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (Doc. 13). Defendant has stated that Plaintiff's attorney has no objection to the motion (Doc. 13, p. 2).

Defendant states that

> [o]n remand by the Court, the Appeals Council will vacate the September 24, 2002 administrative decision and direct the [Administrative Law Judge (hereinafter *ALJ*)] to conduct a *de novo* hearing in accordance with 20 C.F.R. § 416.1429 (2005), in which Plaintiff has the opportunity to testify. The ALJ will determine whether Plaintiff has a severe medically determinable severe [sic] impairment and will reevaluate Plaintiff's maximum residual functional capacity. The

>       ALJ will also fully evaluate Plaintiff's
>       credibility in accordance with the
>       regulations and Social Security Ruling 96-
>       7, based on all of the evidence, providing
>       a clear rationale in support of the
>       credibility finding.

(Doc. 13, pp. 1-2).  This is a tacit admission that Plaintiff's application was not appropriately considered and that this action should be reversed.  Without reviewing the substantive evidence of record, this Court accepts Defendant's acknowledgment of error.

It appears to the Court that the decision of the Secretary should be reversed and remanded.  Such remand comes under sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this report, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Therefore, it is recommended, without objection from Plaintiff, that Defendant's motion to remand under sentence four be granted, that the Court enter a judgment reversing the decision of the Commissioner, and that this action be reversed and remanded to the Social Security Administration for further administrative proceedings not inconsistent with the orders of this Court.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION <u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 22nd day of August, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE